UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| James De Long,<br><br>Plaintiff,<br><br>v.<br><br>First National Collection Bureau, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## **PARTIES**

1. Plaintiff, James De Long ("James"), is a natural person who resided in Lakewood, Ohio, at all times relevant to this action.

2. Defendant, First National Collection Bureau, Inc. ("FNCB"), is a Nevada corporation that maintained its principal place of business in Reno, Nevada, at all times relevant to this action.

## **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, FNCB collected consumer debts.

7. FNCB regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of FNCB's revenue is debt collection.

9. FNCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. FNCB meets the definition of a "supplier" as defined by Ohio Rev. Code § 1345.01(C). *See Midland Funding L.L.C.. V. Brent*, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases).

11. As described, *infra*, FNCB contacted James to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. James is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. James currently rents an apartment from an acquaintance, Jon ("Homeowner)".

15. On September 30, 2022, FNCB, in connection with the collection of a debt, sent an email to Homeowner and disclosed to Homeowner that James owed a debt to FNCB's alleged client.

16. Homeowner is not an obligor on the alleged debt and, prior to FNCB's email, Homeowner was unaware that James alleged owed money to FNCB's alleged client.

17. This is not the first occasion that FNCB has used improper third-party disclosures as a collection technique and/or as a method of inducing repayment.

18. After receiving FNCB's improper email, Homeowner forwarded the email to James and labeled him as a proverbial "deadbeat debtor".

19. Similarly, on another occasion, Homeowner mocked James in a condescending manner and told James he needed to pay his bills.

20. Following FNCB's debt disclosure, Homeowner started treating James differently.

21. As a result of FNCB's debt disclosure, James worried that Homeowner might terminate James' lease out of fear of Homeowner not receiving timely rent payments.

22. On information and belief, FNCB fails to maintain any meaningful internal safeguards to prevent its employees from emailing third parties and disclosing the alleged debts of consumers like James.

23. FNCB's collection efforts also intruded upon James' privacy.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if

27. Defendant violated 15 U.S.C. § 1692d, generally, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

29. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Ohio Consumer Sales Practices Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

31. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

32. Defendant's actions and omissions described above constitute unfair, deceptive, and unconscionable acts and practices, in violation of Ohio Rev. Code § 1345.02 and the substantive rules promulgated under the OCSPA.

33. Defendant knowingly committed the unfair and unconscionable acts and practices described above.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b. Judgment against Defendant under the OCSPA for treble damages, actual damages, non-economic damages, punitive damages and reasonable attorney's fees, witness fees, court costs, and other costs incurred by Plaintiff.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   October 4, 2022

By:/s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com
Ohio Bar No. 0079315

*Attorney for Plaintiff*